## Kittie Alden et al. v. Margaret Pierce Church.

1. Husband and Wife—*Acts of Husband and Wife from Which Intention to Create the Relation May Be Presumed.*—Two persons went through a marriage ceremony of their own, and the man afterward held himself out to be the woman's husband, introduced her as his wife, and they lived together and assumed toward each other the ordinary conduct of husband and wife; had a child who was named after the mother. *Held,* that the parties, upon the date of the alleged marriage ceremony, assumed and afterward maintained toward each other the relation of husband and wife.

Appeal from Probate.—Appeal from the Circuit Court of DeKalb County; the Hon. George W. Brown, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

James W. Cliffe, attorney for appellants.

Harvey A. Jones and J. E. Matteson, attorneys for appellee.

Mr. Justice Higbee delivered the opinion of the court. Benjamin F. Church died testate in DeKalb county on November 15, 1900. In the petition filed in the County Court for the probate of the will and letters testamentary, appellee, by the name of Maggie Church, was named as his widow, and Martha Florence Church, Kittie Adaline Alden and Nellie Roxana Crowe, were named as his only heirs at law and legatees. Martha Florence Church was then of the age of four months and was a child of said Benjamin F. Church, deceased, and appellee. Kittie Adaline Alden and Nellie Roxana Crowe were daughters of deceased by his first wife. Appraisers filed a bill of appraisement of the personal property and also made out a certified estimate of the value of the several items of property allowed to the widow for her award. Mrs. Alden and Mrs. Crowe filed objections to the allowance of a widow's award to appellee, alleging that deceased left surviving him no person entitled to such an award. The County Court sustained the objections to the award. The Circuit Court, however,

to which the case was appealed, overruled the objections and confirmed the award in favor of appellee as the lawful widow of Benjamin F. Church, deceased. To reverse that order Mrs. Alden and Mrs. Crowe appeal to this court.

At the term of court at which said order was entered, there were three cases pending, in which the parties to this suit were interested. One, a suit in chancery which is not before us, and the pleadings of which are not in the record; another, a suit in forcible detainer brought by John B. Aurner against appellee and others, which is now pending in this court on appeal, and the third was the case concerning the widow's award allowed to appellee, which is now before us. By stipulation the parties waived their rights to a jury in any of the cases and they were all three tried together before the judge of the court below.

It is argued by appellant here that there were certain errors in the rulings upon evidence and appellee assigns cross-errors to the same effect. The three cases being tried together it was the duty of the court to admit the evidence, if it was admissible in any one of the three. As the pleadings in the chancery case are not before us, we have no means of knowing whether the offered evidence was or was not competent in that case and therefore are unable to say whether the court erred in admitting any evidence. We do not find, nor is it contended that the court committed any error in rejecting any evidence offered by the present appellants. If incompetent evidence was admitted, that, however, would not warrant a reversal of the cause, if the competent evidence admitted was sufficient to sustain the order. The question whether the court improperly rejected evidence offered by appellee is immaterial, in view of our conclusion on the merits of the case.

The sole question to be considered by us is one of fact, and that is whether appellee was the wife of Benjamin F. Church at the time of his death.

Martha F. Church, the second wife of Benjamin F. Church, died October 2, 1894, and appellee, formerly Margaret Pierce, obtained a divorce from her husband in 1896.

Alden v. Church.

Church lived over a store kept by him in DeKalb, and Mrs. Pierce with her minor sons lived in an adjoining cottage. Shortly after the death of his second wife, Church began to take his meals with appellee and was often at her house.

The claim of appellee was that a marriage contract was entered into between her and Church on June 18, 1899. One of her sons, Roy Pierce, testified that on a certain Sunday morning Church came to his mother's house and they sat down in chairs facing each other, close together; that they had a Bible on their laps and joined hands; that he heard Church ask his mother " if she would take him as her husband and live happy, or something like that;" that she said she would; that then his mother said, " Do you take me for your wife and live happy " or something like that, and he said, " Yes, he would." He also testified that the Saturday before the occurrence mentioned, Church told him that he was going to marry witness' mother, and that witness did not have to mind her but would have to mind him. Another son of appellee, Edward Pierce, testified that on the day above mentioned, Church sent him to get a team and buggy and that when he got back to the house Church said to him, " I have married your mother. I have got control of you now. I want you to be a good little boy;" that they then got some lunch ready and all got into the buggy and went out to the Miller farm. That evening, after the return from the country, one of the boys was taken sick and Dr. C. D. Carter was called. He testified that he had known Church and Mrs. Pierce a long time; that Church had some peculiar ideas in reference to marriage; that he thought the legal form was all foolishness and that if people were willing to take each other, and so stated to each other, that was sufficient; that on the Sunday evening above mentioned Church introduced appellee to him as his wife, and told him they had been married; that he had taken a Bible and gone to her place, and asked her if she was willing to be married according to the Bible and she had said she was; that Church then described the marriage ceremony to him, which was sub-

stantially as above stated by the witness Roy Pierce. There was some testimony having a tendency to show that improper relations had existed between Church and appellee prior to the alleged marriage ceremony, and there is other testimony denying that such relations existed. It is clear that immediately after the ceremony Church and Mrs. Pierce commenced living together and assumed toward each other the ordinary conduct of husband and wife. For two days and nights they remained in her cottage; then they moved upstairs to his rooms, sleeping there nights and taking their meals and doing their cooking in the cottage, for a considerable time thereafter. A local newspaper published the fact of their marriage. Many witnesses testified that thereafter Church told them he was married and introduced appellee as his wife. They attended the wedding of a niece of appellee's at Naperville, and there Church informed his wife's relatives that they were married and she was introduced to the guests, of whom there were between fifty and one hundred present, as his wife.

On July 13, 1900, a daughter was born to them which he named after his second wife. He talked of this child to many witnesses in terms of pride and affection. He spoke of his wife and baby together and treated various men because of the birth of the child. On the day before his death, Church made a will in which he gave certain real estate to this child, Martha Florence Church, and certain other real estate to his two married daughters, who are appellants here. He explained to the attorney to whom he gave the instructions for the will, and who drew the will, that he didn't want to give his wife anything because of the sum she had received from her mother's estate. There was counter testimony by a much smaller number of witnesses, most of whom were directly or indirectly interested in the result of the suit. Some of them testified that after the date of the alleged marriage Church told them he was not married, and that he would never marry appellee or any one. One witness, Mrs. Cotton, testified that shortly before the child above named was born, appellee told her that she

and Church were not married and that he had refused to marry her; that witness went to Church, and he denied that he had ever promised to marry appellee; that later appellee told her she was married. Appellee testified, however, that she had never told Mrs. Cotton that she and Church were not married or that he had refused to marry her. In papers relating to her mother's estate, signed after June 18, 1899, appellee signed her name Margaret Pierce, and she was so named in a decree entered in that estate thereafter. It was explained, however, by the attorney who was acting for her at the time, she so signed her name by his direction, and that he knew at the time that she was married to Church. While the evidence was somewhat conflicting, a clear preponderance thereof was in favor of appellee and showed that the parties upon the date of the alleged marriage ceremony, assumed and ever afterward maintained toward each other, the relation of husband and wife. The court below was therefore fully warranted in finding that appellee was entitled to her award as the lawful widow of Benjamin F. Church, deceased, and the order entered in accordance with such finding is affirmed.

Mr. Presiding Justice BROWN, having tried this cause in the court below, took no part here.